# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60344
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2014

Lyle W. Cayce
Clerk

ANTELMO ROCHA-AYALA, also known as Antelmo Rocha, also known as Antelmo Yala Rocha, also known as Antelmo Ayal Rocha, also known as Antelmo Rocha-Ayal, also known as A. A. Rocha, also known as Antelmo A. Rocha, also known as Anthelmo A. Rocha,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A041 103 438

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Antelmo Rocha-Ayala (Rocha), a native and citizen of Mexico, was admitted to this country as an immigrant in 1987. In 2004, Rocha was convicted of injury to a child in violation of § 22.04(a)(3) of the Texas Penal Code Annotated, and he was sentenced to a two-year term of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Subsequently, Rocha was charged with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony, which was a crime of violence ("COV") as defined at 8 U.S.C. § 1101(a)(43)(F).  He was also charged with removability under § 1227(a)(2)(E)(i) as an alien who had been convicted of a crime of child abuse.  Rocha conceded the fact of his prior conviction and the fact he had received a two-year sentence.  Thus, the only pertinent questions for the immigration judge (IJ) to determine were whether Rocha's prior conviction was a COV for purposes of § 1101(a)(43)(F) or a crime of child abuse for purposes of § 1227(a)(2)(E)(i).  The IJ sustained both charges of removability, and the BIA affirmed that decision, dismissing Rocha's appeal without a written order.  Rocha filed a motion for reconsideration that was denied by the BIA.  He has filed two separate petitions seeking review of the BIA's orders dismissing his appeal and denying his motion for reconsideration.

We first consider Rocha's challenge to the BIA's order dismissing his appeal from the IJ's order finding him removable as charged.  Because Rocha was found to be removable due to his commission of an aggravated felony as defined at § 1101(a)(43), our jurisdiction to review the order of removal is limited to legal or constitutional questions.  *See* 8 U.S.C. § 1252(a)(2)(C), (d).

The first issue Rocha presents, whether his prior conviction constituted a COV and, thus, an aggravated felony under § 1101(a)(43)(F), is a legal one. *See Martinez v. Mukasey*, 519 F.3d 532, 538 (5th Cir. 2008).  Rocha's conviction for injury to a child under § 22.04(a)(3) stemmed from Rocha's act of grabbing a child with his hand.  We have previously addressed whether a conviction under § 22.04(a)(3) is a COV, and we held that when the offense was committed by an intentional act rather than by omission, the alien's conviction is for an aggravated felony for purposes of § 1101(a)(43)(F).  *See Perez-Munoz v. Keisler*, 507 F.3d 357, 360-64 (5th Cir. 2007).  Conceding that his crime involved an

No. 13-60344

intentional act, Rocha nevertheless argues that it was not a COV because "there is no 'strong probability' that physical force (destructive or violent) will be used when grabbing a child with one's hand." We made clear in *Perez-Munoz*, however, that the details of the intentional act committed in a given case are irrelevant because the commission of the crime by an intentional act will ordinarily involve the use or risk of use of physical force by the perpetrator. *Id.* at 364. An offense under § 22.04(a)(3) committed by an intentional act, then, is by its nature a COV. *Id.* Accordingly, the BIA correctly found that Rocha had been convicted of an aggravated felony and was removable under § 1227(a)(2)(A)(iii). *Id.* at 360-64.

Rocha also asserts that the BIA erred in dismissing his appeal from the finding of removability under § 1227(a)(2)(E)(i) because his conviction did not qualify as a crime of child abuse for purposes of that statute. As the decision that Rocha was removable under § 1227(a)(2)(A)(iii) would not be altered even if we were to rule favorably on his challenge to the determination that he was convicted of a crime of child abuse for purposes of § 1227(a)(2)(E)(i), we need not address the legal issue raised by Rocha or the exhaustion issue raised by the respondent with respect to this point of error. *See Capital Concepts Properties 85-1 v. Mutual First, Inc.*, 35 F.3d 170, 176 (5th Cir. 1994). Accordingly, Rocha's petition for review of the BIA's order dismissing his appeal is DENIED.

We turn next to Rocha's challenge to the BIA's denial of his motion for reconsideration. We have jurisdiction to consider the denial of a motion to reconsider, but our review involves a "highly deferential abuse-of-discretion standard." *Nolos v. Holder*, 611 F.3d 279, 281 (5th Cir. 2010); *accord Zhao v. Gonzales*, 404 F.3d 295, 303-04 (5th Cir. 2005). The BIA's ruling will stand, even if we conclude it is erroneous, "so long as it is not capricious, racially

invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao*, 404 F.3d at 304 (internal quotation marks and citation omitted).

Rocha's attorney-drafted brief contains no discussion of the legal standards applicable to motions for reconsideration. Nor does it address the specific reasons stated by the BIA for denying Rocha's motion for reconsideration. We thus deem Rocha's challenge to the denial of that motion to be inadequately briefed and consequently abandoned. *See Rui Yang v. Holder*, 664 F.3d 580, 589 (5th Cir. 2011). Accordingly, Rocha's petition for review of the BIA's order denying his motion for reconsideration is DENIED.

PETITIONS FOR REVIEW DENIED.